UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

'07 MAR -1 P3:40

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. **07 CR 050**

DENNIS M. TROHA

    Defendant.

## INDICTMENT

**The Grand Jury Charges:**

1. Between on or about September 1, 2002, and on or about January 12, 2007, in the State and Eastern District of Wisconsin, and elsewhere,

### Dennis M. Troha

did knowingly devise and participate in a scheme to defraud the State of Wisconsin.

2. The defendant used loans and other financial transactions to improperly fund more than $100,000 in campaign contributions of others and then, in an attempt to obtain an Indian gaming compact, concealed the true nature of those transactions from the State of Wisconsin.

## Scheme to Defraud

### Campaign Contribution Restrictions

3. Under Wisconsin and federal laws, financial contributions to political candidates and political parties are limited. An individual may not contribute in excess of designated amounts. In addition, an individual is prohibited from making a contribution with funds other than his or her own. A person may not, directly or indirectly, provide money to another person for the purpose of making a campaign contribution.

### 2002 Transactions

4. On or about September 5, 2002, Dennis M. Troha used Johnson Houston Partners, a business entity controlled by him, to issue four loans of $7,500 each to four family members. On or about September 5 and 6, 2002, the four family members each wrote a $7,500 check to a political candidate.

5. The loans were not repaid in any fashion until after January 12, 2007, when Troha was interviewed by agents of the Federal Bureau of Investigation.

6. On or about October 17, 2002, Dennis M. Troha used Johnson Houston Partners to issue a $10,000 loan to the husband of a family member. On or about October 23, 2002, the loan was used to fund campaign contributions totaling $10,000.

2

7.     The $10,000 loan was not repaid in any fashion until after January 12, 2007.

8.     On or about October 17, 2002, Dennis M. Troha wrote five personal checks, designated as "loans," in the amount of $5,000 each to five family members. On or about October 18, 2002, each of the five family members wrote a $5,000 check to the federal account of a political party.

9.     None of the personal loans was repaid in any fashion until after January 12, 2007.

2006 Wisconsin Election

10.    In November of 2006, the State of Wisconsin held an election for governor. The incumbent governor was Jim Doyle, whose reelection campaign operated under the name "Doyle for Wisconsin."

11.    Prior to June 2005, Dennis M. Troha was a supporter of the "Doyle for Wisconsin" campaign. Troha provided advice to the campaign, organized a fund raiser, and contributed the maximum of $10,000.

12.    In June of 2005, an official of the "Doyle for Wisconsin" campaign asked Dennis M. Troha to help raise additional campaign funds by the end of the month. The official identified June 30, 2005, as a significant date for the public disclosure of campaign finances.

13. On or about June 28, 2005, Dennis M. Troha issued a $50,000 check to Johnson Houston Partners, the above-described business entity controlled by Troha. The check was designated as a "loan."

14. On or about June 28 and 29, 2005, the following checks were issued to the "Doyle for Governor" campaign by Troha family members:

| Total Amount | Source |
| --- | --- |
| $12,500 (two checks) | Family member "A" and spouse |
| $5,000 | Family member "B" |
| $12,500 (two checks) | Family member "C" and spouse |
| $5,000 | Family member "D" |
| $12,500 (two checks) | Family member "E" and spouse |

15. On or about June 29, 2005, the checks were picked up by the "Doyle for Wisconsin" campaign official at the offices of Dennis M. Troha.

16. On or about July 5, 2005, Dennis Troha caused John Houston Partners to issue the following "loan" checks to family members:

| Check Number | Amount | Beneficiary |
| --- | --- | --- |
| 1504 | $12,500 | Family member "A" |
| 1505 | $5,000 | Family member "B" |
| 1506 | $12,500 | Family member "C" |
| 1507 | $5,000 | Family member "D" |
| 1508 | $12,500 | Family member "E" |

4

17. None of the family members repaid the loans to Johnson Houston Partners in any fashion until after January 12, 2007.

18. On or about February 3, 2006, Dennis M. Troha organized another fund raiser for the "Doyle for Wisconsin" campaign.

19. As part of the fund raiser, the wife of a Troha business associate contributed $5,000.

20. On or about February 16, 2006, Johnson Houston issued a $5,000 check to the business associate as a payment for consulting services.

Indian Gaming Compact

21. Dennis M. Troha was the sole member of Kenesah Gaming Development, LLC, an entity formed to obtain approval from the State of Wisconsin for an Indian gaming contractor certificate and Indian gaming compact for Indian gaming in Kenosha, Wisconsin.

22. Kenesah Gaming Development obtained financing from Dennis M. Troha, the Mohegan Tribal Indians of Connecticut, and the Menominee Indian Tribe of Wisconsin. The combined financial investment of that group exceeded $7 million.

23. The Menominee Indian Tribe of Wisconsin, the Mohegan Tribal Indians of Connecticut, and Kenesah Gaming Development had agreements wherein Kenesah Gaming Development would develop the Tribe's gaming project.

5

24. As part of the approval process for a gaming contractor certificate, the State of Wisconsin required Dennis M. Troha to submit detailed financial information for himself and his various business entities, including Johnson Houston Partners. The State of Wisconsin required explanations of outstanding loans and other exchanges of money.

25. Under Wisconsin law, the ultimate approval for an Indian gaming compact between the State of Wisconsin and the Menominee Indian Tribe of Wisconsin rested with the governor. A compact involves property interests of the State of Wisconsin.

26. As part of a scheme to defraud, Dennis M. Troha concealed the true nature of financial transactions in submissions to the State of Wisconsin, including the transactions described herein involving campaign contributions.

27. The conduct of Dennis M. Troha constituted materially false pretenses and representations.

## Use of Commercial Interstate Carrier

28. On or about September 8, 2006, in the State and Eastern District of Wisconsin,

**Dennis M. Troha**,

for the purpose of attempting to execute the above-described scheme, did knowingly cause a communication to be delivered, according to the directions thereon, to the State of Wisconsin by United Parcel Service, a private interstate carrier. The communication contained explanations of financial disbursements.

All in violation of Title 18, United States Code, sections 2 and 1341.

7

## COUNT TWO

**The Grand Jury Further Charges:**

1. On or about January 12, 2007, in the State and Eastern District of Wisconsin,

**Dennis M. Troha**

did knowingly and willfully make a materially false statement to agents of the Federal Bureau of Investigation.

2. During an interview with FBI agents, Dennis M. Troha falsely stated that money disbursed to family members by a partnership controlled by him was not linked to the decision regarding and/or amount of campaign contributions made by the family members.

3. The statement was false in that in the fall of 2002 and summer of 2005, Dennis M. Troha caused Johnson Houston Partners to distribute money to family members for the purpose of providing family members with the exact amount of funds related to campaign contributions.

4. The statement concerned a matter within the jurisdiction of the Federal Bureau of Investigation, a part of the Executive Branch of the United States Government.

All in violation of Title 18, United States Code, section 1001.

A TRUE BILL:

FOREPERSON
Dated: 3-1-07

STEVEN M. BISKUPIC
United States Attorney